```
                  UNITED STATES DISTRICT COURT
                   MIDDLE DISTRICT OF FLORIDA
                         TAMPA DIVISION
```

ANDRE JOHNSON, et al.,

    Plaintiffs,
v.
                            Case No. 8:10-cv-990-T-33AEP
JONATHAN SMITH MORTIMER, T.V.T.,
BME,

    Defendants.
_____/

## ORDER

This matter is before the Court pursuant to Plaintiff's Response to Order to Show Cause (Doc. # 27) filed on July 11, 2011. On June 27, 2011, the Court entered an Order to Show Cause why this action should not be dismissed without prejudice for failure to timely effect service of process. Plaintiff responded that two Defendants had been served. For the reasons that follow, the Court dismisses the case without prejudice.

### I. Background

Plaintiff Andre Johnson filed suit in this Court on April 26, 2010, alleging violations of the Lanham Act and the First and Fifteenth Amendments against Defendants Jonathan Smith Mortimer, T.V.T. and BME. (Doc. # 1). Mr. Johnson also filed a motion for leave to proceed in forma pauperis on April 26,

2010 (Doc. # 2), which was granted on May 26, 2010 (Doc. # 7). Mr. Johnson filed an Amended Complaint on May 25, 2010, attaching as exhibits proof of copyright and proof of distribution of his CD by Amazon.com. (Doc. # 6).

Summonses issued as to each Defendant on May 26, 2010. (Doc. # 9). Service returned unexecuted as to Defendants Mortimer and BME on July 27, 2010 (Doc. # 12), and as to Defendant T.V.T. on September 24, 2010 (Doc. # 13). On October 6, 2010, the Court entered an Order to Show Cause why this action should not be dismissed without prejudice for failure to perfect service within 120 days of filing the complaint. (Doc. # 14). Mr. Johnson filed a response on October 19, 2011 (Doc. # 15).

The Court construed the response as a motion for extension of time to perfect service, and directed Mr. Johnson to provide the Clerk with updated summonses with correct addresses by December 28, 2010. (Doc. # 16). Then, on December 30, 2010, the Court granted Mr. Johnson a forty-five-day extension, up to and including February 11, 2011, to do so. (Doc. # 17). Summons issued as to Mortimer and BME on January 3, 2011, with return of service unexecuted on February 9, 2011. (Doc. ## 18-20).

On February 10, 2011, the Court granted Mr. Johnson an additional forty-five-day extension, up to and including March 28, 2011, to perfect service. (Doc. # 21). Alias summons issued as to Mortimer and BME on March 30, 2011. (Doc. # 23). The Court granted Mr. Johnson a final forty-five-day extension, up to and including April 30, 2011, on March 31, 2011 (Doc. # 24). Service was finally effected as to Mortimer on May 4, 2011 (Doc. # 25).

On June 27, 2011, the Court entered an Order to Show Cause why this action should not be dismissed without prejudice for failure to timely effect service of process. (Doc. # 26). Mr. Johnson responded that service had been effected as to Mortimer, who Johnson avers is "owner" of BME. (Doc. # 27). However, Johnson did not mention T.V.T., who still has not been served.

II. **Analysis**

Federal Rule of Civil Procedure 4 provides that a plaintiff must serve defendants within 120 days after the complaint is filed with the court. If a defendant is not served within 120 days, "the court – on motion or on its own after notice to the plaintiff – must dismiss the action without prejudice." Fed. R. Civ. P. 4(m).

Mr. Johnson filed his Complaint on April 26, 2010. As of July 20, 2011, service has not been effected as to all Defendants. Mr. Johnson notes that service has been perfected as to Mortimer, who is "owner" of BME. The Court therefore accepts that service has been perfected as to BME as well. However, Mr. Johnson makes no mention of T.V.T. Indeed, service has not been attempted as to T.V.T. since May 26, 2010.

The return of service unexecuted as to T.V.T. indicates that the current occupant of T.V.T.'s last known address believes T.V.T. to be "no longer in business." (Doc. # 13). Be that as it may, the Court cannot proceed based upon some third party's assumption of T.V.T.'s status. If Mr. Johnson wishes to dismiss his claim against T.V.T., he has not informed this Court. Therefore, service has not been effected as to all Defendants despite multiple extensions of time and warnings by the Court over the course of many months. The Court finds this to be sufficient cause to dismiss this case without prejudice.

Furthermore, Defendants Mortimer and BME have not responded in any way to the Complaint, and are not represented by counsel. Pursuant to Federal Rule of Civil Procedure 12(a)(1)(A)(1), a defendant has 21 days after being served

with the summons and complaint to answer or otherwise respond. Because service was effected on May 4, 2011, a responsive pleading or motion was due from Mortimer and BME by May 25, 2011.

Local Rule 1.07(b) sets forth a plaintiff's responsibilities should a defendant fail to respond:

> When service of process has been effected but no appearance or response is made within the time and manner provided by Rule 12, Fed. R. Civ. P., the party effecting service shall promptly apply to the Clerk for entry of default pursuant to Rule 55(a), Fed. R. Civ. P., and shall then proceed without delay to apply for a judgment pursuant to Rule 55(b), Fed. R. Civ. P., failing which the case shall be subject to dismissal sixty (60) days after such service without notice and without prejudice; provided, however, such time may be extended by order of the Court on reasonable application with good cause shown.

Mr. Johnson has not applied for entry of default against Mortimer or BME, or requested an extension of time to do so. The case was therefore subject to dismissal without notice and without prejudice as of July 3, 2010, pursuant to Local Rule 1.07(b).

Accordingly, it is hereby

**ORDERED, ADJUDGED,** and **DECREED:**

(1) This case is hereby dismissed without prejudice.

(2) The Clerk is directed to close the case.

**DONE** and **ORDERED** in Chambers in Tampa, Florida, this <u>20th</u> day of July 2011.

*/s/ Virginia M. Hernandez Covington*
VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE

Copies: All Counsel and Parties of Record