UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

ANDRE JOHNSON, et al.,

      Plaintiffs,

v.                           Case No. 8:10-cv-990-VMC-AEP

JONATHAN SMITH MORTIMER,
et al.,

      Defendants.
_____/

**ORDER**

This matter comes before the Court upon consideration of Plaintiff Andre Johnson's pro se "Motion to Vacate Order of Dismissal and Reopen Case Pursuant to Fed. R. Civ. P. 60(b)(6)" (Doc. # 29), filed on April 6, 2026. The Motion is denied as untimely.

I.    **Background**

In April 2010, Mr. Johnson filed this copyright infringement action. (Doc. # 1). The Court granted Mr. Johnson multiple extensions of time to perfect service on Defendants. (Doc. ## 17, 24). On June 27, 2011, the Court ordered Mr. Johnson to show cause by July 11, 2011, why this action should not be dismissed for failure to timely effect service of process. (Doc. # 26). The Court dismissed the action without

1

prejudice on July 20, 2011, because Mr. Johnson still had not served all Defendants. (Doc. # 28 at 4).

Nearly 15 years later, Mr. Johnson filed the instant Rule 60(b)(6) Motion.

## II.    Discussion

Mr. Johnson has filed this Motion pursuant to Federal Rule of Civil Procedure 60(b)(6). (Doc. # 29). Rule 60(b) enumerates various reasons for which "the court may relieve a party or its legal representative from a final judgment, order, or proceeding." Fed. R. Civ. P. 60(b). "Rule 60(b)(6) allows the district court to grant relief for 'any other reason that justifies relief' in addition to those expressly listed in subsections (1) through (5)." Horton v. Hand, 785 F. App'x 704, 706 (11th Cir. 2019) (quoting Fed. R. Civ. P. 60(b)(6)). "Relief under Rule 60(b)(6), however, 'is an extraordinary remedy which may be invoked only upon a showing of exceptional circumstances.'" Id. (quoting Griffin v. Swim-Tech Corp., 722 F.2d 677, 680 (11th Cir. 1984)).

A motion under Rule 60(b)(6) also "must be made within a reasonable time." Fed. R. Civ. P. 60(c)(1); see United States v. Harrell, No. 20-11212-D, 2020 WL 7226150, at *2 (11th Cir. June 2, 2020). "What constitutes a 'reasonable time' depends upon the circumstances and facts of each case,

2

including 'whether the parties have been prejudiced by the delay and whether a good reason has been presented for failing to take action sooner.'" B.T. by & through Thompson v. Target Corp., No. 17-CIV-60871, 2020 WL 5542066, at *5 (S.D. Fla. Sept. 16, 2020) (quoting BUC Int'l Corp. v. Int'l Yacht Council Ltd., 517 F.3d 1271, 1275 (11th Cir. 2008)), aff'd sub nom. Thompson v. Target Corp., 861 F. App'x 325 (11th Cir. 2021). "To satisfy the reasonable time requirement, a party generally must exercise diligence." Martin v. State, No. 23-14187, 2026 WL 482266, at *2 (11th Cir. Feb. 20, 2026).

Here, Mr. Johnson states that he was incarcerated without access to a law library from the time of dismissal until late 2013. (Doc. # 29 at 9-10). Mr. Johnson details various obstacles to seeking Rule 60(b)(6) relief prior to filing the instant motion, such as economic instability, childcare issues, and sustaining a workplace injury. (Id. at 11-12). Mr. Johnson, who is now incarcerated at an institution with a functioning law library, states that he has filed the motion "at the first practicable opportunity." (Id. at 6).

Mr. Johnson has not demonstrated that he exercised diligence in seeking Rule 60(b)(6) relief in the nearly 15 years since the dismissal order was entered. Even accepting as true Mr. Johnson's assertion that he could not have filed

a Rule 60(b)(6) motion until he was released from his prior period of incarceration in late 2013, he still waited more than 12 years to file this motion. Under the circumstances, Mr. Johnson's delay was not reasonable. See Kadiyala v. Pupke, No. 17-cv-80732, 2026 WL 784572, at *4 (S.D. Fla. Jan. 22, 2026), report and recommendation adopted, 2026 WL 892967 (S.D. Fla. Apr. 1, 2026) (finding that a Rule 60(b)(6) motion was untimely as it was filed more than a year and a half after the amended judgment was entered). The Court denies Mr. Johnson's Motion as untimely.

Accordingly, it is now

**ORDERED, ADJUDGED,** and **DECREED:**

Plaintiff Andre Johnson's pro se "Motion to Vacate Order of Dismissal and Reopen Case Pursuant to Fed. R. Civ. P. 60(b)(6)" (Doc. # 29) is **DENIED** as untimely.

**DONE** and **ORDERED** in Chambers in Tampa, Florida, this 7th day of April, 2026.

VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE

4